```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


KRISTI NUNEZ and RANDY NUNEZ           *       CIVIL ACTION

versus                                 *       NO. 06-9946

ST. PAUL TRAVELERS and ALLIANCE        *       SECTION "F"
INSURANCE AGENCY
```

ORDER AND REASONS

Before the Court is plaintiffs' motion to remand. For the reasons that follow, the motion is GRANTED.

Background

Hurricane Katrina damaged the plaintiffs' home in St. Bernard, Louisiana. They filed claims under their homeowners policy, but St. Paul Travelers refused to pay the claims. They filed this suit in state court on September 21, 2006, naming their insurer, Travelers, and their insurance agent, Alliance Insurance Agency, as defendants. The plaintiffs assert that they are entitled to payment from Travelers for damages and losses to the property, including penalties under Louisiana law for bad-faith claims adjusting. They assert claims against AIA for misrepresenting or failing to inform them of potential gaps in insurance coverage and for failing to procure adequate insurance.

On November 14, 2006, Travelers removed the suit to this Court, invoking this Court's diversity jurisdiction because they claim AIA has been improperly joined, or, alternatively, that the

1

Court has original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §§ 1369 and 1441(e)(1). The plaintiffs now move to remand.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different. In the state court petition, the plaintiffs assert that AIA, a local defendant, was the insurance agent who procured their Travelers insurance policy. They say that AIA made errors and omissions in advising them about their insurance coverage and that AIA failed to procure requested insurance coverage. Travelers and AIA say that the plaintiffs

improperly joined AIA to deprive this Court of diversity jurisdiction:  the defendants contend that the plaintiffs have no possibility of recovery from AIA under Louisiana law because their claims against AIA are perempted.  Alternatively, the defendants say that AIA owed no duty to plaintiffs under Louisiana law.

The Court finds that the defendants have failed to discharge their heavy burden to prove that AIA was fraudulently joined.  The defendants say that the plaintiffs cannot recover against AIA because no claim has been stated against AIA and that, in any event, any claims against AIA are perempted.  The plaintiffs assert that AIA negligently advised them regarding the homeowners policy exclusions, causing damage when they were insufficiently insured for their losses from Hurricane Katrina.  The defendants say that the plaintiffs should have known about AIA's alleged misrepresentations or negligence at the latest in September 2004 when they read the policy terms when it was last renewed before the storm.  But the record does not establish when the plaintiff received the insurance policy or its renewals.  The plaintiffs contend that they did not receive their insurance policy upon its issuance.  The Court has no evidence regarding when AIA provided the plaintiffs with, or when the plaintiffs received, a copy of their policy or its renewals.  Nor have defendants submitted any evidence about the terms of the plaintiffs' policy or any of its exclusions.  Given the legal duties of agents outlined in recent

Orders of all Sections of this Court, the Court finds that the defendants have not met their heavy burden in proving that the plaintiffs' claims are perempted or that they have no possibility of recovery from AIA under Louisiana state law.

Because the Court finds that the defendants have not met their burden in proving that AIA was improperly joined as a defendant, complete diversity between the parties is lacking and this Court has no subject matter jurisdiction based on 28 U.S.C. § 1332.

II.

Additionally, multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original or supplemental jurisdiction for lawsuits filed as a result of Hurricane Katrina. Unanimously, judges in this Court have agreed that it does not, in part because Hurricane Katrina is not classified by the Court as an "accident." See, e.g., Salvaggio v. Safeco Property & Cas. Ins. Co., 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Flint v. La. Farm Bureau Mut. Ins. Co., No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); Southall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16,

2006) (Barbier, J.).  The defendants fail to convince the Court to the contrary.

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, January 30, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE